IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY CUPAIUOLO, a minor, by and through his parent and natural guardian, ANGELA CUPAIUOLO, and ANGELA CUPAIUOLO, Individually | |
| | CIVIL ACTION |
| Plaintiff | |
| v. | NO.: |
| MATTEL, INCORPORATED, and FISHER PRICE BRANDS, and DYNACRAFT BSC, INCORPORATED, and WAL-MART STORES, INC., and WAL-MART STORES, INCORPORATED | |
| Defendants | |

**PETITION FOR REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, defendants Mattel Incorporated, Fisher Price Brands, Dynacraft BSC, Incorporated, Wal-Mart Stores, Inc. and Wal-Mart Stores, Incorporated, by their undersigned counsel, hereby petition to remove this action to the United States District Court for the Eastern District of Pennsylvania from the Court of Common Pleas of Philadelphia County on the following grounds:

1.  Plaintiffs, Anthony Cupaiuolo and Angela Cupaiuolo, commenced this action by filing a complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2.  This is a civil action in which this Court could have had original jurisdiction under 28 U.S.C. §1441, and which may be removed to this Court by defendants pursuant to the

provisions of 28 U.S.C. §1332(a)(1) in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. This action is therefore removable under 28 U.S.C. § 1441(a) and (b).

4. Plaintiffs aver in their Complaint that this litigation arises from injuries sustained by minor defendant Anthony Cupaiuolo as a result of an alleged dangerous, unsafe and defective condition of a four inch Hot Wheels Foldable Aluminum Scooter (the "Scooter") allegedly designed, manufactured, produced, inspected, tested, installed, assembled, marketed, promoted, advertised, distributed or sold by some or all of the petitioning defendants.

5. The Scooter was allegedly sold to plaintiff Angela Cupaiuolo at a store operated by defendant Wal-Mart Stores, Inc. located in Boothwyn, Pennsylvania.

6. Plaintiff Anthony Cupaiuolo is, upon information and belief, a minor and resident of the Commonwealth of Pennsylvania, with a mailing address of 239 Noah Maple Avenue, Lansdowne, PA 19050.

7. Defendant Mattel, Incorporated is a corporation existing under the laws of the State of Delaware with its principal place of business located at 333 Continental Blvd. El Segundo, California, 90245-5012.

8. Defendant Fisher Price Brands is a Corporation and wholly owned subsidiary of defendant Mattel, Incorporated, existing under the laws of the State of Delaware with its principal place of business located at 636 Girard Avenue, East Aurora, New York, 14052.

9. Defendant Dynacraft, BSC, Incorporated is a corporation existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 2550 Kerner Boulevard, San Rafael, California 94901.

261860.1

10. Defendant Wal-Mart Stores, Inc., also sued as Wal-Mart Stores Incorporated, is a corporation existing under the laws of the State of Delaware with its principal place of business at 702 Southwest Eighth Street, Bentonville, Arkansas 72716. Defendant Wal-Mart Stores, Inc., also sued as Wal-Mart Stores Incorporated is not, and has never been, incorporated in, and does not and has never maintained its principal place of business in the Commonwealth of Pennsylvania.

11. The Wal-Mart Store located at 605 Conchester Highway, Boothwyn, Pennsylvania 19061, identified in the plaintiffs' complaint as the address of Wal-Mart Stores, Incorporated, is a retail outlet operated by Wal-Mart Stores East, Inc., a corporation existing under the laws of the State of Delaware with its principal place of business in Arkansas. It is not, and has never been an independent corporation and is not, and has never, constituted the principal place of business of Wal-Mart Stores, Inc., also sued as Wal-Mart Stores, Incorporated.

12. Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants request removal of this action to the United States District Court for the Eastern District of Pennsylvania, which is the judicial district in which the action is pending.

13. Upon information and belief, damages may be in excess of the jurisdictional limit of $75,000, exclusive of costs and counsel fees.

14. Removal of this action is therefore proper under §§ 1332 and 1441 of Title 28 of the United States Code because it is a civil action brought in a state court in which the parties are not citizens of the same state and the amount in controversy exceeds $75,000.

15. Pursuant to the provisions of 28 U.S.C. § 1446(a), copies of all state court papers which may have been served on the defendants at, or before, the time of removal are attached. See Exhibit "A".

16. Upon filing the Petition for Removal in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, defendants have given notice to counsel for the plaintiff and with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

WHEREFORE, defendants, Mattel Incorporated, Fisher Price Brands, Dynacraft BSC, Incorporated, Wal-Mart Stores, Inc. and Wal-Mart Stores, Incorporated, respectfully request that this action proceed in the United States District Court for the Eastern District of Pennsylvania as though originally commenced herein.

Respectfully Submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

BY: _____
Adrian Joseph Gordon, Esquire
Identification Nos. 29512

The Curtis Center, Suite 1130E
Independence Square West
Philadelphia, PA 19106
Telephone: (215) 627 – 6900
Facsimile: (215) 627 - 2665
Attorneys for Defendants
Mattel Incorporated
Fisher Price Brands
Dynacraft BSC Incorporated,
Wal-Mart Stores, Inc.
Wal-Mart Stores, Incorporated

Date: August 17, 2007

261860.1