# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY CUPAIUOLO, a minor, by and through his parent and natural guardian, ANGELA CUPAIUOLO, and ANGELA CUPAIUOLO, Individually : : : : | : CIVIL ACTION |
| Plaintiff : | |
| v. : | NO.: 2:07-cv-3415-MAM |
| MATTEL, INCORPORATED, and FISHER PRICE BRANDS, and DYNACRAFT BSC, INCORPORATED, and WAL-MART STORES, INC., and WAL-MART STORES, INCORPORATED : : : : : | |
| Defendants : | |

## ANSWER OF DEFENDANT WAL-MART STORES, INC., ALSO SUED AS WAL-MART STORES, INCORPORATED, TO PLAINTIFFS' COMPLAINT

Defendant Wal-Mart Stores, Inc., also sued as Wal-Mart Stores, Incorporated, ("Answering Defendant") by its undersigned counsel, hereby answers the Plaintiffs' Complaint and states as follows:

1. – 2. Denied. Answering Defendant is without knowledge or information sufficient to sufficient to form a belief as to the truth of the averments of paragraphs one and two of the Plaintiffs' Complaint and the same are therefore denied.

3. – 5. The averments of paragraphs three through five of the Plaintiffs' Complaint are addressed to parties other than the Answering Defendant and require no response.

6. Denied as stated. Defendant Wal-Mart Stores, Inc., also sued as Wal-Mart Stores Incorporated, is a corporation existing under the laws of the State of Delaware with its principal

262885.1

Dockets.Justia.com

place of business at 702 Southwest Eighth Street, Bentonville, Arkansas 72716.  The remaining averments of paragraph six of the Plaintiffs' Complaint are denied.

7. Denied.  Defendant Wal-Mart Stores, Incorporated, also sued as Wal-Mart Stores Inc., is a corporation existing under the laws of the State of Delaware with its principal place of business at 702 Southwest Eighth Street, Bentonville, Arkansas 72716.  The remaining averments of paragraph six of the Plaintiffs' Complaint are denied and it is averred, upon information and belief, that the retain store located at 605 Conchester Highway, Boothwyn, Pennsylvania, is, and at all relevant times was owned and operated by Wal-Mart Stores East, LP a Delaware Limited Partnership with its principal place of business located at 702 Southwest Eighth Street, Bentonville, Arkansas 72716.

8. Denied.

9. Denied.  Answering Defendant is without knowledge or information sufficient to sufficient to form a belief as to the truth of the averments of paragraph nine of the Plaintiffs' Complaint and the same are therefore denied.

10 Denied.

11. Denied.  Answering Defendant denies that any product for which it is responsible was dangerous, unsafe or defective.  Answering Defendant is without knowledge or information sufficient to sufficient to form a belief as to the truth of the remaining averments of paragraph eleven of the Plaintiffs' Complaint and the same are therefore denied.

12.-13. Denied.  Answering Defendant is without knowledge or information sufficient to sufficient to form a belief as to the truth of the averments of paragraphs twelve and thirteen of the Plaintiffs' Complaint and the same are therefore denied.

## COUNT I
### ANTHONY CUPAIUOLO, A MINOR, BY AND THROUGH HIS PARENT AND NATURAL GUARDIAN, ANGELA CUPAIUOLO AND ANGELA CUPAIUOLO, INDIVIDUALLY VS. DEFENDANTS
### RESTATEMENT OF TORTS, SECOND, SECTION 402A – STRICT LIABILITY

14. Answering Defendant incorporates by reference its responses to paragraphs one through thirteen of the Plaintiffs' Complaint as though set forth in full.

15. Denied. To the extent that the allegations of paragraph fifteen of the Plaintiffs' Complaint are addressed to the Answering Defendant, they are denied. To the extent that said allegations are directed to parties other than Answering Defendant, Answering Defendant is without knowledge or information sufficient to form a belief as to their truth and therefore denies the same.

WHEREFORE, Answering Defendant respectfully requests that this Honorable Court enter judgment in its favor together with costs of this litigation, reasonable attorney fees and any other amounts which the Court may deem just and reasonable.

## COUNT II
### ANTHONY CUPAIUOLO, A MINOR, BY AND THROUGH HIS PARENT AND NATURAL GUARDIAN, ANGELA CUPAIUOLO AND ANGELA CUPAIUOLO, INDIVIDUALLY VS. DEFENDANTS
### BREACH OF WARRANTIES

16. Answering Defendant incorporates by reference its responses to paragraphs one through fifteen of the Plaintiffs' Complaint as though set forth in full.

17.-19. Denied. To the extent that the allegations of paragraphs seventeen through nineteen of the Plaintiffs' Complaint are addressed to the Answering Defendant, they are denied. To the extent that said allegations are directed to parties other than Answering Defendant, Answering Defendant is without knowledge or information sufficient to form a belief as to their truth and therefore denies the same.

WHEREFORE, Answering Defendant respectfully requests that this Honorable Court enter judgment in its favor together with costs of this litigation, reasonable attorney fees and any other amounts which the Court may deem just and reasonable.

## COUNT III
## ANTHONY CUPAIUOLO, A MINOR, BY AND THROUGH HIS PARENT AND NATURAL GUARDIAN, ANGELA CUPAIUOLO AND ANGELA CUPAIUOLO, INDIVIDUALLY VS. DEFENDANTS
## NEGLIGENCE

20.     Answering Defendant incorporates by reference its responses to paragraphs one through nineteen of the Plaintiffs' Complaint as though set forth in full.

21.     Denied.  To the extent that the allegations of paragraph twenty-one of the Plaintiffs' Complaint, including each of its subparagraphs, are addressed to the Answering Defendant, they are denied.  To the extent that said allegations are directed to parties other than Answering Defendant, Answering Defendant is without knowledge or information sufficient to form a belief as to their truth and therefore denies the same.

WHEREFORE, Answering Defendant respectfully requests that this Honorable Court enter judgment in its favor together with costs of this litigation, reasonable attorney fees and any other amounts which the Court may deem just and reasonable.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure No. 8(c), Answering Defendant hereby asserts the following affirmative defenses:

### First Affirmative Defense

The Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.

262885.1

**Second Affirmative Defense**

Plaintiffs' damages, if any, were caused by the intervening, superseding negligence of others over whose conduct Answering Defendant had no control or right of control.

**Third Affirmative Defense**

If the plaintiffs suffered the injuries and damages alleged herein, which is denied, those injuries and damages were caused in whole or in part by the negligence of plaintiffs themselves, and recovery herein is barred or diminished in accordance with the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. §7102.

**Fourth Affirmative Defense**

Any product furnished, manufactured, supplied, installed, repaired or sold by defendant was fit for the use intended and any damage sustained by Plaintiffs was caused in whole or in part by the misuse and/or alteration or modification of said product.

**Fifth Affirmative Defense**

Plaintiffs have failed to give proper and prompt notice of any alleged breach of warranty to this answering defendant and accordingly any claims based on breach of warranty are barred according to the provisions of the Uniform Commercial Code.

**Sixth Affirmative Defense**

Plaintiffs' claims are barred inasmuch as the characteristics of the product at issue are open and obvious.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred inasmuch as plaintiffs were adequately warned and/or instructed of unavoidably unsafe aspects, if any, of the product at issue.

**Eighth Affirmative Defense**

Plaintiffs' damages or injuries, if any, could not have been and were not foreseeable to Answering Defendant.

### Ninth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches.

### Tenth Affirmative Defense

Plaintiffs' claims are barred by applicable statutes of limitation.

### Eleventh Affirmative Defense

Plaintiffs' claims are barred by the doctrine of estoppel.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of waiver.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of assumption of the risk.

### Fourteenth Affirmative Defense

Answering Defendant's conduct was in conformance with applicable standards of care under statutory, regulatory and common law at the time of said conduct.

### Fifteenth Affirmative Defense

Answering Defendant's conduct was in conformance with the state of the art and prevailing industry standards at the time of such conduct.

### Sixteenth Affirmative Defense

Answering Defendant does not waive, and hereby specifically reserves the right to assert any other defenses that may become available or appear during the proceedings in this case and further reserves the right to assert other and related defenses as may become available in the event of a determination that the common law causes of action set forth in Plaintiffs' Third

262885.1

Amended Complaint are governed by the law of a jurisdiction other than the Commonwealth of Pennsylvania.

                Respectfully Submitted,

                WILSON, ELSER, MOSKOWITZ,
                EDELMAN & DICKER LLP

        BY: _____ajg3097_____
                Adrian Joseph Gordon, Esquire
                Identification Nos. 29512

                The Curtis Center, Suite 1130E
                Independence Square West
                Philadelphia, PA 19106
                Telephone: (215) 627 – 6900
                Facsimile: (215) 627 - 2665
                Attorneys for Defendant
                Wal-Mart Stores, Inc., also sued as
                Wal-Mart Stores Incorporated,

Date: August 24, 2007

262885.1

CERTIFICATE OF SERVICE

Adrian Joseph Gordon, Esquire, attorney for defendants Mattel, Incorporated, Fisher Price, Incorporated, Dynacraft BSC, Incorporated, Wal-Mart Stores, Inc., and Wal-Mart Stores, Incorporated, hereby certifies that on this 24th day of August, 2007 this document has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System.

Service has been accomplished electronically upon:

**Michael T. van der Veen, Esquire**
Kats, Jamison, van der Veen and Associates
25 Bustleton Pike
Feasterville, PA 19050
*Attorney for Plaintiffs*

                                        ajg3097
                                     Adrian Joseph Gordon