IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY CUPAIUOLO, a minor, by and through his parent and natural guardian, ANGELA CUPAIUOLO, and ANGELA CUPAIUOLO, individually<br>　　　　　　Plaintiffs<br>　　v.<br>MATTEL, INCORPORATED, and FISHER PRICE BRANDS, and DYNACRAFT BSC, INCORPORATED and WAL-MART STORES, INC., and WAL-MART STORES, INCORPORATED<br>　　　　　　Defendants | CIVIL ACTION<br><br>No. CV-07-3415 |

## O R D E R

**AND NOW**, this            day of                      , 2007, it is hereby

**ORDERED** and **DECREED** that Defendants' Petition for Removal is **DENIED.**

It is further **ORDERED** that Plaintiffs be given ninety (90) days to conduct discovery as to diversity jurisdiction over Defendants.

BY THE COURT:

_____
　　　　　　　　　　　　　　　J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY CUPAIUOLO, a minor, by and through his parent and natural guardian, ANGELA CUPAIUOLO, and ANGELA CUPAIUOLO, individually<br>Plaintiffs<br>v.<br>MATTEL, INCORPORATED, and FISHER PRICE BRANDS, and DYNACRAFT BSC, INCORPORATED and WAL-MART STORES, INC., and WAL-MART STORES, INCORPORATED<br>Defendants | CIVIL ACTION<br><br>No. CV-07-3415 |

FILED
AUG 3 0 2007

## PLAINTIFFS' RESPONSE TO DEFENDANTS' PETITON FOR REMOVAL

Plaintiffs Anthony Cupaiuolo, a minor, by and through his parent and natural guardian, Angela Cupaiuolo, and Angela Cupaiuolo, individually, by their undersigned counsel, hereby respond to Defendants' Petition for Removal of this action to the United States District Court for the Eastern District of Pennsylvania from the Court of Common Pleas of Philadelphia County as follows:

1. Admitted.

2. Admitted in part; denied in part. It is admitted that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. It is specifically denied that this action is between citizens of different states. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations that this action is between citizens of different states; and that diversity subject matter

jurisdiction is proper. Plaintiffs are unable to form a belief as to the truth of this allegation without the benefit of full discovery.

3. Denied. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations that this action is between citizens of different states; and that diversity subject matter jurisdiction is proper. Plaintiffs are unable to form a belief as to the truth of this allegation without the benefit of full discovery.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the corresponding paragraph of Defendants' Petition for Removal. Plaintiffs are unable to form a belief as to the truth of the allegations without the benefit of full discovery.

11. Denied. The United States Court of Appeals for the Circuit clearly announced the Rule that "[a] Plaintiff who is a total stranger to a corporation should not be required ... to try [the issue of jurisdiction] on affidavits **without the benefit of full discovery**." Compagnie Des Bauxities De Guinee vs. L'Union Atlantique S.A. D'Assurances, 723 F.2d 357, 362 (3d Cir. Pa. 1983; emphasis is added). **The Court further stated that the plaintiff should be "certainly entitled to file such further**

**interrogatories as [are] reasonably necessary and, if he wishe[s], to take depositions**". *(Id).*

The Court in Compagnie Des Bauxities De Guinee based its ruling, in part, on the fact that a Pennsylvania court would normally allow discovery where the Plaintiff is attempting to show either "minimum contacts" or that the Defendant is "doing business" in the state. *See* Compagnie Des Bauxities De Guinee at 362, *citing* Holt Hauling & Warehousing Systems, Inc. vs. Aronow Roofing Co., 309 Pa. Super. 158, 454 A.2d 1131 (1983); Laffey v. Lehigh Valley Dairy Co-op., 257 Pa. Super. 45, 390 A.2d 238 (1978).

Following the same line of reasoning, this Court also held that discovery as to the jurisdictional question must be permitted in order to aid plaintiff's efforts in establishing that jurisdiction is proper. In Re: Asbestos School Litigation, 107 F.R.D. 369 (E.D. Pa. 1985).

Moving Defendants have produced no documents, affidavits or records which support its allegations that the Wal-Mart store located at 605 Conchester Highway, Boothwyn, Pennsylvania 19061 is not an independent Pennsylvania corporation or separate Pennsylvania corporate entity from Defendant Wal-Mart Stores, Inc. or that Wal-Mart Stores East, Inc. is not an independent Pennsylvania corporation. Such determination cannot be made without the benefit of full discovery. Hence, Plaintiffs should be able to conduct discovery on the issue of subject matter diversity jurisdiction and Defendants' Petition for Removal should be denied as premature.

The law of the Circuit clearly provides that discovery as to the jurisdictional question must be permitted in order to aid Plaintiffs' efforts in establishing that subject matter diversity jurisdiction is proper or, in this case, improper. Plaintiffs in the instant

case did not have an opportunity to conduct such discovery. Hence, Defendants' Petition is premature and the Plaintiffs respectfully request this Honorable Court to deny the Petition.

12. Denied. See Plaintiffs' response to Paragraph 11, <u>supra.</u>

13. Admitted.

14. Denied. See Plaintiffs' response to Paragraph 11, <u>supra.</u>

15. Admitted as stated.

16. Admitted as stated.

**WHEREFORE**, Plaintiffs Anthony Cupaiuolo, a minor, by and through his parent and natural guardian, Angela Cupaiuolo, and Angela Cupaiuolo, individually, respectfully request that Defendants' Petition for Removal be denied and that Plaintiffs be given ninety (90) days to conduct discovery as to subject matter diversity jurisdiction over Defendants.

Respectfully Submitted,

**KATS, JAMISON, VAN DER VEEN & ASSOCIATES**

By: _____
Michael T. van der Veen, Esquire
Counsel for Plaintiffs
PA Supreme Court I.D. # 75616
25 Bustleton Pike
Feasterville, PA 19053
215-396-9001 Telephone
215-396-8388 Fax

## CERTIFICATE OF SERVICE

I, Michael T. van der Veen, Esquire, certify that I am attorney for Plaintiffs Anthony Cupaiuolo, a minor, by and through his parent and natural guardian, Angela Cupaiuolo, and Angela Cupaiuolo, individually, in the above-referenced matter, that I am duly authorized to make this Certification, and that on the 30th day of August, 2007, served a true and correct copy of the foregoing Plaintiffs' Response to Defendants' Petition for Removal by United States, first class mail, postage pre-paid, addressed as follows:

Adrian Joseph Gordon, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
Independence Square West
The Curtis Center, Suite 1130 East
Philadelphia, PA 19106-3308

**KATS, JAMISON, VAN DER VEEN & ASSOCIATES**

By: _____
Michael T. van der Veen, Esquire
Counsel for Plaintiffs
PA Supreme Court I.D. # 75616
25 Bustleton Pike
Feasterville, PA 19053
215-396-9001 Telephone
215-396-8388 Fax