# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY CUPAIUOLO, a minor, by and through his parent and natural guardian, ANGELA CUPAIUOLO, and ANGELA CUPAIUOLO, Individually : : : : : | CIVIL ACTION |
| Plaintiff : : | |
| v. : : | NO.: 2:07-cv-3415-MAM |
| MATTEL, INCORPORATED, and FISHER PRICE, INCORPORATED, and DYNACRAFT BSC, INCORPORATED, and WAL-MART STORES, INC. , and WAL-MART STORES, INCORPORATED : : : : : : | |
| Defendants : | |

## BRIEF OF DEFENDANTS IN OPPOSITION TO PLAINTIFFS' RESPONSE TO DEFENDANTS' PETITION FOR REMOVAL (MOTION TO REMAND)

Defendants Mattel, Incorporated, Fisher Price, Incorporated, Dyancraft BSC, Incorporated, and Wal-Mart Stores, Inc. (also sued as Wal-Mart Stores Incorporated) (hereinafter collectively referred to as "Defendants") by their undersigned counsel, in opposition to Plaintiffs' Motion to Remand, state as follows:

## FACTS AND BACKGROUND

Plaintiffs commenced this action in the Court of Common Pleas of Philadelphia County, Pennsylvania, with the filing of a complaint against the Defendants. The complaint was timely filed and served upon each defendant. Within thirty days of service of the Complaint on each defendants the Defendants collectively removed this action to this Court pursuant to 28 U.S.C. §1441.

The complaint vaguely alleges that each of the defendants except for Wal-Mart Stores, Incorporated is business entity of some sort "existing *and/or* qualifying under the laws of and conducting business in the Commonwealth of Pennsylvania with a registered office for the

266672.1

acceptance of service and/or a principal place of business…" at specifically identified locations outside of the Commonwealth of Pennsylvania.

With respect to the defendant identified as Wal-Mart Stores Incorporated, the complaint alleges that it is business entity of one sort or another "existing *and/or* qualifying under the laws of and conducting business in the Commonwealth of Pennsylvania with a registered office for the acceptance of service *and/or* a principal place of business at 605 Conchester Highway, Boothwyn, Pennsylvania 19061." (Emphasis provided).

Significantly, nowhere in the complaint do the plaintiffs specifically allege facts which establish that any of the defendants are citizens of the Commonwealth of Pennsylvania within the meaning of 28 U.S.C. §1332. The only allegations with respect to citizenship of the parties is that they exist "*and/or*" qualify under the laws of the Commonwealth and that they have registered offices for service of process "*and/or*" within the Commonwealth.

Defendants Petition for Removal specifically avers the true facts concerning both the state of incorporation and the state of the principal place of business of each defendant. None is incorporated in, or has a principal place of business within this Commonwealth.

In Plaintiffs' Response to Defendants' Petition for Removal the plaintiff's acknowledge, by admitting the averments of paragraphs 7, 8 and 9 thereof, that defendants Mattel, Inc., Fisher-Price, Inc. and Dyancraft BSC, Inc. are *not* citizens of this Commonwealth. They further admit, in their responses to paragraphs 10 and 11 of the Petition for removal, that they have no knowledge whatsoever as to the citizenship of Wal-Mart Stores, Inc., which they have also sued as Wal-Mart Stores, Incorporated. In short, the plaintiffs concede, both in their complaint and in their Response to Defendants' Petition for Removal, that they do not know whether, and cannot in good faith aver that, any of the entities which they sued is a citizen of Pennsylvania. They offer only vague allegations that they might exist under the laws of this Commonwealth.

**ARGUMENT**

A. **Plaintiff has Failed to Establish that this Court Lacks Jurisdiction Over this Matter Pursuant to 28 U.S.C. §1332.**

As this Court recognized in denying the plaintiff's motion to remand in *Viola v. Provident Life and Accident Insurance Co.*, 2000 U.S. Dist. LEXIS 10277, July 18, 2000:

> Plaintiff has the responsibility of alleging where a corporation's principal place of business is located. *See Holman v. Carpenter Technology Corp.*, 484 F. Supp. 406, 408 (E.D. Pa. 1980). **[*7]** The mere fact that Defendant may have a registered office within the Commonwealth of Pennsylvania is not sufficient to deny that diversity of citizenship exists. *See Rubin v. Baltimore and Ohio Railroad Co.*, 324 F. Supp. 204, 205 (E.D. Pa 1971).

Id. at 6. See also *Speight v. Personnel Pool of America, Inc.*, 1993 U.S. Dist. LEXIS 9974, July 20, 1993 (where plaintiff's complaint failed to aver defendant's state of incorporation or principal place of business and failed to rebut defendant's averments in notice of removal as to the state or incorporation and principal place of business, diversity jurisdiction is established and motion for remand is denied).

The facts of both *Viola* and *Speight* are remarkable for their resemblance to those of the present case. As discussed above, plaintiffs here have failed to aver the state of incorporation or the principal place of business of defendant Wal-Mart Stores, alleging only that Wal-Mart Stores, Incorporated has an office for service of process "***and/or***" a principal place of business in the Commonwealth. Plaintiffs have admitted that the other defendants are not citizens of the Commonwealth of Pennsylvania.

Wal-Mart Stores, Inc., has set forth in its Petition for Removal that it is:

> a corporation existing under the laws of the State of Delaware with its principal place of business at 702 Southwest Eighth Street, Bentonville, Arkansas 72716. Defendant Wal-Mart Stores, Inc., also sued as Wal-Mart Stores Incorporated is not, and has never been, incorporated in, and does not and has never maintained its principal place of business in the Commonwealth of Pennsylvania.

Petition for Removal at ¶ 10.  Plaintiffs, in their Response to Defendants' Petition for Removal, fail even to attempt to rebut Wal-Mart's averments, relying instead upon an admission that they do not know where this defendant has its principal place of business or is incorporated.  Such an response is simply totally insufficient to establish that there is no diversity between the parties in the face of factual averments by the Defendants that they are neither incorporated in, nor maintain a principle place of business within the Commonwealth.  It is therefore necessarily insufficient to support remand of this case to the Court of Common Pleas.

**B.  Plaintiffs' Reliance Upon Compagnie Des Bauxities De Guinee and Related Cases to <u>Argue That They Should be Permitted to Conduct Discovery is Misplaced.</u>**

While it is unclear whether plaintiffs' motion in fact seeks remand of this matter to the Court of Common Pleas of Philadelphia County or is in fact a motion seeking leave to conduct discovery to satisfy themselves that diversity does exist, it's reliance upon *Compagnie des Bauxities de Guinee v. L'Union Atlantique S.A. D'Assurances*, 723 F.2d 357 (3d Cir 1983) is misplaced.  *Compagnie des Bauxities* did not address the issue of whether a plaintiff was entitled to discovery to determine whether diversity existed.  In fact, that action was originated in the District Court, apparently without objection to jurisdiction based upon diversity of citizenship among the parties.  The issue in *Compagnie des Bauxities* was whether the Court had *in personem* jurisdiction over the admittedly non citizen defendants and whether discovery should be permitted to determine whether sufficient contacts existed between the forum state and the defendants to permit the Court to exercise *in personem* jurisdiction under the strictures of *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945).

In the present case there is no issue of minimum contacts and none of the defendants have argued that such contacts do not exist.  There is no need at this time for extensive discovery on the contacts between the defendants and this Commonwealth.  The sole issue relates the citizenship of the parties.  As to that issue, in both in their Complaint and in their Response to Defendants' Petition

for Removal, plaintiffs acknowledge that they have no evidence or knowledge with which to challenge the averments of the Petition for Removal.

## CONCLUSION

Plaintiffs have failed to specifically aver in their Complaint facts to establish that any defendant is a citizen of this Commonwealth and have further failed, in their Response to Defendants' Petition for Removal, to even attempt to rebut any defendant's averments as to its citizenship. In their effort to have this matter remanded to the Court of Common Pleas of Philadelphia County they rely solely on the fact that they don't know the citizenship of the Wal-Mart defendant(s). Lack of knowledge is not sufficient to defeat removal of this matter to this Court.

Plaintiffs have further failed to provide any relevant support for their request for discovery on the issues of the citizenship of the parties.

In view of these facts the Plaintiffs' Response to Defendants' Petition for Removal, which this Court is treating as a Motion to Remand, should be denied.

                                                    Respectfully Submitted,

                                                    WILSON, ELSER, MOSKOWITZ,
                                                    EDELMAN & DICKER LLP

BY: _____ajg3097_____
      Adrian Joseph Gordon, Esquire
      Identification Nos. 29512

      The Curtis Center, Suite 1130E
      Independence Square West
      Philadelphia, PA 19106
      Telephone: (215) 627 – 6900
      Facsimile: (215) 627 - 2665
      Attorneys for Defendant Mattel Incorporated

Date: September 13, 2007

266672.1

CERTIFICATE OF SERVICE

Adrian Joseph Gordon, Esquire, attorney for defendants Mattel, Incorporated, Fisher Price, Incorporated, Dynacraft BSC, Incorporated, Wal-Mart Stores, Inc., and Wal-Mart Stores, Incorporated, hereby certifies that on this 13th day of September, 2007 this document has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System.

Service has been accomplished electronically upon:

**Michael T. van der Veen, Esquire**
Kats, Jamison, van der Veen and Associates
25 Bustleton Pike
Feasterville, PA 19050
*Attorney for Plaintiffs*

        ajg3097
Adrian Joseph Gordon

266672.1